Filed 12/9/21  P. v. Franco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093608 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF05068) |
| v. | |
| FRANCISCO MANUEL FRANCO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Francisco Manuel Franco has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTS AND HISTORY OF THE PROCEEDINGS

The description of the facts is based on the probation report, to which the parties stipulated as the basis for the plea. Defendant went into a liquor store, placed a can of beer down his pants, and tried to leave the store. Christopher H. stood in defendant's path. Defendant grabbed a bottle of alcohol from the store inventory and repeatedly threatened to kill Christopher. Defendant broke the bottle and tried to stab Christopher multiple times. Christopher suffered several cuts before he left the store. Defendant followed Christopher out of the store, and several customers detained defendant on the ground before the police arrived.

The prosecutor filed a felony complaint. On the date scheduled for a preliminary hearing, the trial court declared a doubt as to defendant's competency, appointed an expert, ordered an examination pursuant to Penal Code section 1368 (unspecified statutory section citations that follow are to the Penal Code) and suspended criminal proceedings. Dr. Daisy Switzer evaluated defendant and filed her report with the trial court. The parties submitted the issue on the report. The trial court found defendant was not competent to stand trial and ordered defendant committed to the California Department of State Hospitals.

Several months later, pursuant to section 1372, the Medical Director of Atascadero State Hospital certified defendant was competent to stand trial. At the competency hearing, the parties submitted the matter on the report. The trial court found defendant competent to stand trial and reinstated the criminal proceedings.

The People filed an amended felony complaint charging defendant with second degree robbery, a violent felony (§§ 211, 667.5, subd. (c); count 1); assault with a deadly weapon (§ 245, subd. (a)(1); count 2); and criminal threats (§ 422, subd. (a); count 3). The prosecution also alleged as to counts 1 and 3 that defendant used a deadly weapon within the meaning of section 12022, subdivision (b)(1). The prosecution also alleged

2

that defendant suffered two prior strike offenses and served three prior prison terms. Defendant waived his right to a preliminary hearing and the trial court deemed the complaint the information.

Defendant entered into a stipulated agreement wherein he pleaded no contest to counts 1 and 3 and admitted the deadly weapon allegation as to count 1. The trial court dismissed the remaining charges and allegations on the People's motion, with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754, 758.) Honoring the plea agreement, the trial court sentenced defendant to the upper term of five years on the robbery count, with an additional one year for the deadly weapon allegation and a consecutive term of eight months (one-third the midterm) on the criminal threats count, for an aggregate term of six years eight months in state prison. The trial court awarded defendant 614 days of presentence custody credits, separately designating time spent in the state hospital and conduct credits pursuant to section 2933.1. The trial court imposed a $300 restitution fine (§ 1202.4), imposed and suspended an identical postrelease community supervision revocation fine (§ 1202.45), a $39 theft fine with penalties and assessments (§ 1202.5), an $80 court security fee (§ 1465.8), and a $60 court conviction fee (Gov. Code, § 70373).

Defendant obtained a certificate of probable cause. (§ 1237.5.)

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                                         _____

                                                         HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

RENNER, J.